UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZZEDINE BELMADANI,

                Plaintiff,

-against-

HECTOR SALAZAR,

                Defendant.

1:21-CV-3565 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated and entered on August 2, 2021, the Court dismissed this *pro se* action for lack of subject matter jurisdiction, but granted Plaintiff 30 days' leave to file an amended complaint to allege facts showing that the Court has diversity jurisdiction to consider this action. (ECF 6.)

      Nine days later, on August 11, 2021, Plaintiff filed a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a notice of motion, a declaration, a notice of appeal, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 7-10.) By order dated August 20, 2021, the Court denied Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary, and denied both Plaintiff's motion for leave to proceed IFP on appeal, and his application to appeal IFP, as moot. (ECF 11.)

      On March 2, 2022, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Belmadani v. Salazar*, No. 21-1978 (2d Cir. Mar. 2, 2022). In a judgment dated and entered on April 26, 2022, this Court dismissed this action for lack of subject matter jurisdiction. (ECF 14.)

On May 17, 2022, Plaintiff filed another motion for an extension of time to file a notice of appeal under Rule 4(a)(5), notice of appeal, motion for leave to proceed IFP on appeal, and application to appeal IFP. (ECF 16 & 17.)[1]

For the reasons set forth below, the Court denies Plaintiff's latest motion for an extension of time to file a notice of appeal as unnecessary, and denies his latest motion for leave to proceed IFP on appeal, as well as his latest application to appeal IFP, as moot.

## DISCUSSION

**A.     Motion for an extension of time to file a notice of appeal**

A litigant has 30 days from the entry date of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). The judgment dismissing this action was dated and entered on April 26, 2022. (ECF 14.) Thus, Plaintiff had 30 days from that date, or until May 26, 2022, to file a timely notice of appeal. Plaintiff filed his notice of appeal on May 17, 2022. (ECF 17.) Accordingly, because Plaintiff's notice of appeal is timely, the Court denies Plaintiff's latest motion for an extension of time to file a notice of appeal as unnecessary.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In its April 26, 2022, judgment, the Court certified under Section 1915(a)(3) "that any appeal from [that] judgment would not be taken in good faith" (ECF 14), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's April

---

[1] This notice of appeal, motion for leave to proceed IFP on appeal, and application to appeal IFP are attached together as one document, and have been docketed as ECF 17.

26, 2022, judgment would not be taken in good faith, the Court denies Plaintiff's latest motion for leave to proceed IFP on appeal, and his latest application to appeal IFP, as moot.

## CONCLUSION

The Court denies Plaintiff's latest motion for an extension of time to file a notice of appeal (ECF 16) as unnecessary because Plaintiff's notice of appeal is timely. The Court also denies Plaintiff's latest motion for leave to proceed IFP on appeal, and his latest application to appeal IFP, as moot. (ECF 17.)

SO ORDERED.

Dated:  June 3, 2022
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge